SOBRINOS DE EZQUIAGA *v.* MUNÍTIZ.

APPEAL from the District Court of Guayama.

No. 69.—Decided May 12, 1905.

OBLIGATIONS—EFFECTIVENESS OF JUDGMENT.—Every person who by judicial proceedings demands the fulfillment of an obligation may apply for and obtain from the court a precautionary measure to secure the effectiveness of the judgment which may be rendered therein, whatever the nature of such obligation.

ID.—ENFORCEABLE OBLIGATION.—For the purpose of securing the effectiveness of a judgment it is necessary that the obligation, the enforcement of which is sought, shall be demandable; but it is not necessary that the same shall be due in the sense that it may be immediately converted into cash.

The facts are stated in the opinion.

*Mr. López Landrón,* for appellant.

*Messrs. Acuña and Méndez,* for respondents.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

By a public instrument executed in this city before Juan Ramón de Torres, a notary of the same, on November 30, 1903, the commercial company doing business in the city of San Juan under the firm name of Sobrinos de Ezquiaga and Modesto Munítiz Aguirre, entered into a contract in which it was set forth that the company aforesaid owned two

frame houses, with zinc roofs, adjoining each other, both of them situated in the *barrio* of Monteyano, in the district called Palo Seco, in the municipality of Cayey, one of them containing a steam engine with its motor, for the drying, hulling, cleaning and grading of coffee, and its mill; which houses, under an agreement with Munítiz, the contracting company had delivered to him for use in connection with the commercial establishment which he had in one of them, and for the storage and preparation of the coffee, under the condition that he would maintain them in the best condition possible and prevent their deterioration; and that an agreement having been made with Munítiz, to grant him credit to the extent of 25,000 *pesos* to conduct his commercial operations, the contracting parties drafted and signed the following stipulations in execution of such agreements:

1. That the firm of Sobrinos de Ezquiaga would at once open a credit to the extent of 25,000 *pesos,* commercial money, in favor of Modesto Munítiz y Aguirre, which they would deliver to him in cash, according to his orders and drafts, and in provisions and merchandise as he might call therefor for his business, which would be charged to him on the account current which would be opened for the purpose.

2. That Munítiz bound himself in turn to pay also on account partial sums in such manner as he might find most convenient, for the purpose of settling his indebtedness, and that as long as he complied with this obligation the company would in its turn continue to make to him the deliveries he might require for his establishment, so that he would always have a stock on hand.

3. That no term for the duration of this contract was fixed, but the firm of Sobrinos de Ezquiaga, when it considered it advisable to its interests, would give six months' notice to Munítiz for the full settlement of the balance in its favor under the account current, which balance was to be paid by Munítiz.

4. That in the event it should become necessary for the latter to absent himself, or that he should fall ill or die, or should not be able to continue at the head of his business, for any reason whatsoever, Sobrinos de Ezquiaga were empowered and authorized to take charge of the commercial firm of Munítiz and continue the same business, or liquidate it, or do what they might consider best suited to the interests of both.

5. That the profit which Munítiz might derive from his business should be distributed in the following manner: 50 per cent to him and the other 50 per cent to the firm of Sobrinos de Ezquiaga, in compensation for the benefit accruing to Munítiz through nonpayment of interest for the credit opened in his favor by said firm and the usufruct which the firm granted him of its two houses.

6. That whenever Munítiz should strike any balance in his business, he would advise the firm in order that it might be done with its knowledge and intervention; and, finally, that if Munítiz should find a larger credit to be necessary than 25,000 *pesos* agreed on, and Sobrinos de Ezquiaga should have no objection to furnishing it, the credit would be so extended, the excess being charged on account current under stipulations and guarantees similar to those embodied in said instrument.

Ten years after the date of this document, that is to say, on May 7, 1904, the firm of Sobrinos de Ezquiaga, as the successor and liquidator of the former firm of the same name, brought an action in the former District Court of San Juan, producing a copy of the aforesaid instrument, against Modesto Munítiz y Aguirre, setting forth in the complaint the facts above mentioned and adding, furthermore, that in compliance with the stipulations of said instrument, the firm of Sobrinos de Ezquiaga had been meeting the drafts and filling the orders and demands of Munítiz, charging them to him on account, as well as properly crediting him with the

amounts in cash, merchandise and other securities received from him for that purpose; that they thought it best to state for the subsequent purposes of the complaint, that on the date of the latter the balance in favor of the complainant company, as shown by the account current with Munítiz, amounted to the sum of $80,199.40, as established by the copies of the accounts and letters received from said Munítiz which were attached to the complaint; that until the year 1899 Munítiz had been complying with the obligation imposed upon him by the contract of informing Sobrinos de Ezquiaga of the result of his transactions, but that he had ceased to do so since that date, thus preventing them from exercising the right vested in them under the sixth clause of the contract referred to; that the balances prior to the year 1899 showed a continuous loss in the business of Munítiz, whose conduct was, on the other hand, more suspicious by reason of the strange act of his having sold to the complainant company, by public instrument of October 5, 1902, a rural estate situated in Cayey, with the dam and tubing necessary to furnish water to the barracks established in said town, and then, by a subsequent instrument dated December 30, 1903, selling the same property, which no longer belonged to him, to the Government of the United States; that this strange conduct of Munítiz made his acts more suspicious and forced the complainant company to put an end at once to a state of affairs so prejudicial to its interests; that in view of the importance of the business of Munítiz and the movement of funds which his account current showed, since August, 1900, there being a balance acknowledged by him in favor of Sobrinos de Ezquiaga of $160,886, United States currency, it would not be unreasonable to fix the amount of profit which Munítiz should have obtained provisionally at the sum of $30,000, of which one-half, that is to say, $15,000, would be due the complainant company under the agreement contained in the instrument, with an additional $5,000, at

which it would not also be unreasonable to estimate provisionally the loss and damage suffered by said company through the failure of Munítiz to duly comply with the obligation imposed upon him by the contract, of rendering accounts to Sobrinos de Ezquiaga of his commercial business transactions; and that not having been able to obtain from Munítiz, notwithstanding their repeated private efforts, the return of the property received from said company, nor the delivery of that part of the profits to which he was bound by the instrument of November 30, 1893, the complainant company saw itself compelled to institute judicial proceedings to enforce the fulfillment of such stipulations; and setting forth the legal considerations it thought proper, the complainant company concluded by praying the court to sustain the complaint and, consequently, to adjudge the defendant Modesto Munítiz y Aguirre, first, to return to the complainant company the two houses with the machinery therein, delivered to him by deed of November 30, 1893; second, to render a detailed account of the profit of his business since 1899; and, third, to pay to the complainant company one-half of such profit, and to indemnify it for the loss and damage suffered by it, in the sum to be fixed by the court.

In a supplementary prayer the complainant company requested that, in accordance with the provisions of the act passed by the Legislative Assembly of this Island to insure the effectiveness of judgments the court should make an order to insure the effectiveness of the judgment which might be rendered in due time in this action, directing the attachment of property of the defendant to the extent of $20,000, estimated to be sufficient for the purpose mentioned, and that its alienation should be prohibited. To this end the company designated several estates and credits belonging to Munítiz, which appeared recorded in his favor in the Registry of Property of Guayama, and referred to the allegations of fact and the law set forth in the body of the complaint. The

complainant company further stated that it attached to the complaint a public instrument showing clearly that the obligations, the subject of the complaint, were demandable; that, likewise, copies of accounts current, duly acknowledged to be correct by the defendant, were attached, for the purpose of establishing that the firm of Sobrinos de Ezquiaga had more than complied with the stipulations contained in the instrument, the basis of the contract whose execution was involved; that there was likewise attached another public instrument establishing the double sale of an estate by the defendant and the consequent necessity of adopting the measures of security prayed for; and, finally, that the original document, the basis of the obligations sought to be enforced, partook of the character of an authentic document under the provisions of section 5, paragraph (a) of the aforesaid act of the Legislative Assembly of this Island.

The order of attachment prayed for having been issued by the District Court of San Juan, and the case having been transferred to the District Court of Guayama, without the reason for such action appearing of record, the defendant Modesto Munítiz, with his counsel Luis Muñoz Morales, appeared before the said court and filed a motion to dissolve the attachment levied, alleging in support thereof that, it being necessary to liquidate the account current between Munítiz and the firm of Sobrinos de Ezquiaga to determine the share due said company from the profits, in accordance with the fifth clause of the contract of November 30, 1893, the amount to which the plaintiff company might be entitled was therefore unknown, and consequently the attachment was void in accordance with the jurisprudence established by the Supreme Court of California, according to which it was necessary that a debt should be specific before an attachment could issue; that said contract not having fixed the time when Munítiz was to make the liquidation, nor having been called on previously to do so, it could not be maintained that he

had been guilty of delay and there was no reason for fixing the sum of $5,000 demanded by the said company as damages; that even after making the liquidation and fixing the net sum to which the complainant company might be entitled, it was still necessary to show that it was a demandable and matured debt, because if it were not also in accordance with the jurisprudence of the Supreme Court of California, an attachment levied before a debt is due is *prima facie* null; that at the petition of the defendant, in accordance with the provisions of sections 75, 81 and 83 of the Code of Civil Procedure in force, the District Court of San Juan directed the transfer of the case to the District Court of Guayama, by which the lack of jurisdiction of the former of said courts to take cognizance of the complaint and its incidental issues was recognized, and for this reason also the attachment levied by the District Court of San Juan is null, which court by this order of attachment of property violated the provisions of section 3, paragraph (b) of the Act to Secure the Effectiveness of Judgments, as the contract does not contain the obligation to pay a sum of money, but a certain percentage of the profits which a balance might show in favor of the complainant company; that section 4 of said act had likewise been violated, because in the authentic document, that is to say, in the contract of November 30, 1893, it did not clearly appear that the obligation was demandable, because the payment of the profit agreed on is not demandable until a balance or liquidation shall have been made, and a specific and net amount of profit appears.

Objection having been made to the motion by the complainant company, the court rendered its decision on October 31st, last, holding "that the law and the facts are against the motion" and, therefore, denied it with the costs against the defendant.

An appeal from this decision having been taken by the defendant Muníñtiz, and said appeal having been duly per-

fected, the hearing was had, at which counsel for the parties made their respective arguments.

The question at issue in this appeal being thus stated, the only thing to be determined is whether, in view of the facts in the case and the terms of the complaint, the attachment of the property decreed by the District Court of San Juan to secure the effectiveness of the judgment which might be rendered in this case in due time, should or should not have been levied. The undersigned justice is of the opinion that the attachment was properly levied.

It is evident that the recovery of a specific sum is not sought in the complaint, as objected by counsel for the appellant; but if this is true, it is also true that in this case it is not necessary that the sum be specific in order that the attachment may issue.

Upon this point section 1 of the Act of the Legislative Assembly of this Island of March 1, 1902, to secure the effectiveness of judgments, is conclusive. This section provides: "Every person who shall bring an action for the fulfillment of any obligation may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the jugdment as the case may require, should it be rendered in its favor."

It is very clear, therefore, that the law does not require that a specific debt or sum be demanded, but that it is sufficient that the fulfillment of an obligation be demanded, whatever be its nature, whether the sum be specific or indefinite, or an obligation to do or not do a thing, or to deliver a sum of money or a specific thing, in order that it may be requested and may grant a precautionary measure to secure the effectiveness of the judgment which may be rendered, as the case may be.

Nor is it necessary that the obligation be past due, in the sense expressed by counsel for the appellant, that is to say, that it may be enforced immediately, because what is

necessary is that it be demandable; and there can be no doubt of the presence of this requisite in this case, in view of the conditions established in the contract entered into by Munítiz and the firm of Sobrinos de Ezquiaga and the terms in which the complaint has been drawn.

Section 3 of the instrument of November 30, 1903, which forms the basis of the contract, a compliance with which is involved, clearly stipulated that no term for the duration of said contract was established, but that it was left to the will of Sobrinos de Ezquiaga, the only condition imposed on them being that of giving six months' notice in advance to Munítiz for the settlement of the balance in favor of the firm in the account current between them by reason of the credit opened in favor of Munítiz by the plaintiff company; but this condition is not applicable to the other obligations imposed by the instrument upon Munítiz, so that if, according to the agreement the contract did not have a fixed term of duration, but it was left to the will of Sobrinos de Ezquiaga to terminate it whenever they should consider it in furtherance of their interests, without any further restriction than to demand of Munítiz the settlement of his account current, for which it was necessary to give him an advance notice of six months, which is not exactly the object of the complaint. It appears, without it being understood thereby, that the question has been prejudged, that all the other obligations, which it is sought to enforce against Munítiz, are demandable under the contract; and as, on the other hand, all the other requisites of the said act of the Legislative Assembly for the effectiveness of judgments contained in section 3 thereof have been complied with, and as the attachment decreed to secure the effectiveness of the judgment which may be rendered in this case does not appear to be excessive, in view of the large movement of funds shown by the accounts presented by Sobrinos de Ezquiaga, during the long period of time during which Munítiz has been disposing of the credit

granted him by the plaintiff company, and the great impor-
tance of the business which Munítiz must have done during
this period and which it is to be presumed gave him large
profits; for all these reasons the undersigned justice is of the
opinion that the judgment rendered by the District Court of
Guayama on October 31st, last, which is the subject of this
appeal, should be affirmed with the costs against the appel-
lant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf con-
curred.